# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MICHAEL DURBIN and REBECCA DURBIN, a married couple and their marital community, | No. 58539-1-II |
| Appellants, | |
| v. | |
| CITY OF UNIVERSITY PLACE, a Washington municipal corporation, MYKLAND CONSTRUCTION, LLC, a Washington limited liability company, JASON MYKLAND and PATRICIA HALE-MYKLAND, a married couple and their marital community, | UNPUBLISHED OPINION |
| Respondents. | |

VELJACIC, A.C.J. — Michael and Rebecca Durbin appeal the trial court's award of damages, attorney fees, and costs to Mykland Construction, LLC. The Durbins argue the court erred in concluding there was not substantial justification to file a lis pendens. They also argue the court improperly relied on the purchase and sale agreement as a basis for awarding attorney fees. Because the Durbins did not have substantial justification to file the lis pendens, we affirm the award of damages, attorney fees, and costs.

FACTS

## I.   BACKGROUND

In December 2020, the Durbins purchased a home from Mykland Construction which is owned by Jason Mykland and Patricia Hale-Mykland.[1] The property was subject to a 15-foot wide easement for ingress, egress, and utilities. The Myklands owned the lot abutting the Durbins' property which was the dominant estate, as it relied on the easement for access. The property directly adjacent to the Durbins' property, owned by the Hileys (previously the Goodmans), also had a right to use the easement. The Durbins alleged that when they purchased the home, Mykland indicated that only one single-family home would be built on the Myklands' property.

In April 2022, Mykland applied to subdivide his parcel into two lots. Mykland sought to build a single-family home on both lots. The 15-foot easement was to provide access to both lots. On August 5, Mykland's short plat application was approved by the City of University Place.



Clerk's Papers (CP) at 980.

---

[1] We refer to Jason Mykland and Rebecca Hale-Mykland collectively as the Myklands. We mean no disrespect.

II.    PROCEDURAL HISTORY

On August 19, the Durbins filed an administrative appeal of the two-lot, short plat approval arguing that the approval would overburden the easement by allowing it to serve three lots instead of two, as required by the language of the easement.  On October 11, the Durbins filed a motion for stay, but it was denied.  On October 10, the Durbins also filed a complaint (cause number 22-2-09403-1) in Pierce County Superior Court against the City of University Place and Mykland Construction seeking relief including declaratory judgment regarding the easement and an injunction.  On November 16, the trial court dismissed the Durbins' claims against the City of University Place under CR 12(b)(6) because the Durbins had "neither exhausted their administrative remedies . . . nor brought their claims under [a Land Use Petition Act (LUPA)]."  CP at 747.  The Durbins appealed the administrative decision, but the appeal was denied in December.  The Durbins filed a LUPA appeal on December 30.[2]

On January 5, 2023, Mykland Construction asserted counterclaims in cause number 22-2-09403-1, seeking relief including a declaratory judgement that the easement was valid and "in full force and effect."[3]  CP at 1007.  Mykland Construction also filed a motion for summary judgment,[4] which the court granted on March 24.  In its ruling, the court addressed the validity of the easement

---

[2] The parties, in their briefing, present significant facts regarding this parallel LUPA proceeding, but we conclude that parallel proceeding has limited relevance to this appeal because, as both parties admit, the hearings examiner in the City of University Place administrative LUPA proceeding had no jurisdiction to rule on the validity of the easement.

[3] On February 3, the Durbins sought, unsuccessfully, to have the claims consolidated and to have compulsory counterclaims brought in the LUPA action.

[4] The record does not contain the motion for summary judgment, so the exact date it was filed is unclear.

and found that it was "in full force and effect." CP at 367. In explaining why the court was reaching the validity of the easement as it had not done for the Durbins, the court stated:

> I may have been wrong for dismissing the Durbins' declaratory action against University Place on the basis that there was an alternative remedy via the LUPA action.
> Having said that, I still think dismissal of the Declaratory Judgment claim was appropriate under [CR] 12 (b)(6). Since the City, via the hearing examiner, has no authority to adjudicate rights related to the easement, but instead looks to see only if the easement is sufficient for the City to determine that the lot has appropriate access and thereby satisfies the regulatory requirements, there can be no claim against the City for failing to determine the validity of the private easement prior to approving the plat.

CP at 646-47.

On April 20, the Durbins filed a lis pendens on the Mykland property.[5] On June 20, the court reviewing the LUPA appeal and complaint affirmed the hearing examiner's decision from December. The next day, the Durbins filed a release of lis pendens. Then, on July 21, Mykland Construction and the Myklands filed a motion seeking attorney fees, costs, and damages for, among other things, the wrongful filing of a lis pendens. In its oral ruling on this motion, the court stated:

> The court squarely find[s] that RCW 4.28.328 squarely fits the facts of this case, and based on that, the Court is going to impose the damages as requested to the date that the lis pendens was released. I will impose the attorney's fees that I do find to be reasonable with regard to defending the lis pendens in the amount of $10,627.20.

Rep. of Proc. (RP) (Aug. 4, 2023) at 26.

In its written order, the court found:

> [The Myklands] are the prevailing party in this case as to defending the [the Durbins'] LUPA appeal. The [Durbins] filed a lis pendens without substantial justification given the LUPA appeal was solely a review of a hearing examiner decision and did not affect title. Further, per [the Durbins'] own submittals, the purchase and sale agreement and its negotiation were central to [the] Durbins'

---

[5] This was the second lis pendens the Durbins filed on the Myklands' property.

> claims of intent vis-a-vis the easement, such purchase and sale agreement has an attorney fee clause.

> . . . .

> Further, given that the Durbin[]s had filed a declaratory action under Pierce County Superior Court cause #22-2-09403-1 and had already had an adverse decision in such case as to the easement issue, the later filing of the lis pendens in this case was particularly inappropriate.

CP at 1096, 1098.

The court awarded Mykland Construction $16,923.26 in damages, $10,627.20 in attorney fees, and $201.68 in costs with an annual interest rate of 12 percent.

The Durbins appeal this award.

## ANALYSIS

I.    DAMAGES FOR WRONGFUL FILING OF LIS PENDENS

As a preliminary matter, Mykland Construction asks us to not consider the Durbins' appeal for failure to comply with RAP 10.3 by not providing sufficient citations to the record. However, the Durbins have provided sufficient citations to enable review. Under RAP 1.2(a), a "'technical violation of the rules will not ordinarily bar appellate review, where justice is to be served by such a review. . . . [W]here the nature of the challenge is perfectly clear, and the challenged finding is set forth in the appellate brief, [this court] will consider the merits of the challenge.'" *Green River Cmty. Coll., Dist. No. 10 v. Higher Educ. Pers. Bd.*, 107 Wn.2d 427, 431, 730 P.2d 653 (1986) (alterations in original) (internal quotation marks omitted) (quoting *State v. Williams*, 96 Wn.2d 215, 220, 634 P.2d 868 (1981)). Here, the nature of the challenge is clear, and the challenged finding is set forth in the brief; therefore, we consider the merits of the Durbins' appeal.

Both parties essentially ask us to decide whether a lis pendens can be filed in a LUPA action even if there is an underlying dispute regarding an easement. However, because the Durbins did not have substantial justification to file a lis pendens, as the trial court in the contemporaneous

5

civil proceeding had already ruled that the easement was valid, we need not reach the LUPA issue. Therefore, we affirm the trial court.

A.     Standard of Review

"[We] review[] de novo the question of whether damages were proper." *Pierce v. Bill & Melinda Gates Found.*, 15 Wn. App. 2d 419, 436, 475 P.3d 1011 (2020). "We review a trial court's evidentiary rulings on damages for abuse of discretion." *Id.* "[W]e [may] affirm the trial court's rulings on any grounds the record and the law support." *State v. Grier*, 168 Wn. App. 635, 644, 278 P.3d 225 (2012).

B.     Legal Principles

"Under RCW 4.28.328, a party in an action affecting title to real property may file a notice, or lis pendens, with the county auditor regarding the pendency of the action." *134th St. Lofts, LLC v. iCap Nw. Opportunity Fund, LLC*, 15 Wn. App. 2d 549, 557, 479 P.3d 367 (2020). This filing serves to (1) give constructive notice that "the property is in dispute and . . . the record owner's interest is in question" and (2) "'freeze[] the status of the property in time,' preventing a party to the underlying action from transferring their interest." *Id* (quoting *Snohomish Reg'l Drug Task Force v. 414 Newberg Rd.*, 151 Wn. App. 743, 752, 214 P.3d 928 (2009)).

RCW 4.28.328(2) and RCW 4.28.328(3) both provide avenues for recovering damages and attorney fees when a lis pendens is wrongfully filed. Relevant here, RCW 4.28.328(3) provides:

> Unless the claimant establishes a substantial justification for filing the lis pendens, a claimant is liable to an aggrieved party who prevails in defense of the action in which the lis pendens was filed for actual damages caused by filing the lis pendens, and in the court's discretion, reasonable attorneys' fees and costs incurred in defending the action.

"[W]here the claimants have a reasonable, good faith basis in fact or law for believing they have an interest in the property, a lis pendens is substantially justified." *S. Kitsap Fam. Worship Ctr. v.*

6

*Weir*, 135 Wn. App. 900, 912, 146 P.3d 935 (2006). Aggrieved party includes "a person against whom the claimant asserted the cause of action in which the lis pendens was filed." RCW 4.28.328(1)(c).

"LUPA governs judicial review of land use decisions." *Durland v. San Juan County*, 182 Wn.2d 55, 63, 340 P.3d 191 (2014). A superior court presiding over a LUPA petition "has only the jurisdiction conferred by law." *Id.* at 64. "Under LUPA, the superior court review is limited to actions defined by LUPA as land use decisions." *Id.* RCW 36.70C.020(2) defines land use decision as "a final determination by a local jurisdiction's body or officer with the highest level of authority to make the determination." RCW 36.70C.020(2). The statute does not include resolving disputes regarding title as a land use decision. *See* RCW 36.70C.020(2)(a)-(c); *Lakeside Indus. v. Thurston County*, 119 Wn. App. 886, 903, 83 P.3d 433 (2004).

Here, the Durbins were not substantially justified in filing the lis pendens because the trial court ruled that the easement was valid *prior to* the filing of the lis pendens. Any reasonable, good faith basis the Durbins may have had for believing they had an interest in the property was extinguished once they had the trial court's ruling that the easement was valid. At that point, since invalidity was the source of the Durbins' interest in the property they filed the lis pendens on, there was no reasonable, good faith basis for believing the easement was valid. Therefore, under the plain language of RCW 4.28.328(3), Mykland Construction as an aggrieved party, was entitled to damages. Moreover, the LUPA action could not determine the validity of the easement because an easement's validity is not a "land use decision" within the meaning of RCW 36.70C.020(2). To the extent the Durbins argue that their filing of the lis pendens was justified while they pursued a declaration of the easement's validity in the LUPA action, such a pursuit could never have yielded their desired result. Accordingly, their argument fails.

7

II.    ATTORNEY FEES AND COSTS

The Durbins argue that the trial court erred in awarding attorney fees under their purchase and sale agreement with the Myklands.[6]  We disagree, because the trial court properly awarded attorney fees under RCW 4.28.328(3).

A.    Standard of Review

"We review the legal basis for an award of attorney fees de novo and the reasonableness of the amount of an award for abuse of discretion."  *William G. Hulbert, Jr. & Clare Mumford Hulbert Revocable Living Tr. v. Port of Everett*, 159 Wn. App. 389, 407, 245 P.3d 779 (2011).

B.    Legal Principles

RCW 4.28.328(3) provides for the award of not only damages but also reasonable attorney fees and costs associated with defending against a lis pendens filed without substantial justification.

Here, the court's oral ruling makes clear that the court awarded attorney fees under RCW 4.28.328 for the wrongful filing of the lis pendens.

> The court squarely find[s] that RCW 4.28.328 squarely fits the facts of this case, and based on that, the Court is going to impose the damages as requested to the date that the lis pendens was released.  I will impose the attorney's fees that I do find to be reasonable with regard to defending the lis pendens in the amount of $10,627.20.

RP (Aug. 4, 2023) at 26.  This conclusion is strengthened by the fact that attorney fees were awarded for only the defense of the lis pendens issue.  While the court's written order mentioned the purchase and sale agreement, it did so merely as a secondary basis for the award.  The existence of a secondary basis does not undermine the propriety of the court's award under RCW 4.28.328.

---

[6] The Durbins acknowledge that the trial court awarded attorney fees under the lis pendens statute.

8

Under RCW 4.28.328(3), a party is entitled to attorney fees and costs if a lis pendens is filed without substantial justification. Because the Durbins did not have substantial justification to file the lis pendens, Mykland Construction was entitled to attorney fees and costs, and the trial court did not err in awarding them.

III.     ATTORNEY FEES ON APPEAL

Mykland Construction requests attorney fees on appeal. For the same reason attorney fees were awarded below, we grant Mykland Construction attorney fees on appeal in an amount to be set by the court commissioner.

CONCLUSION

We affirm the trial court's award of damages, attorney fees, and costs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Veljacic, A.C.J.

We concur:

_____
Maxa, J.

_____
Che, J.

9